UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tyler Putmon, | No. 22-cv-1369 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Tyler Regenscheid's Motion to Dismiss. [ECF No. 5]. In their First Amended Complaint,[1] Plaintiff Tyler Putmon brings two claims against Mr. Regenscheid—false arrest pursuant to 42 U.S.C. § 1983 and false imprisonment under state tort law—for his role in Mx. Putmon's arrest. Mr. Regenscheid argues that the claims against him should be dismissed because he is entitled to qualified and official immunity. The Court held a hearing on the Motion on July 26, 2022. Upon conclusion of the hearing, the Court granted the Motion from the bench. [Minutes, ECF No. 13]. The Court fully stated its reasoning on the record and now issues this Order to capture that ruling.

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its

---

[1] The Plaintiff's preferred pronouns are they/them.

face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quotation omitted). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). When considering a motion to dismiss, the court takes all factual allegations in the complaint as true and construes all reasonable inferences in favor of the plaintiff. *Morton v. Becker*, 793 F.3d 185, 187 (8th Cir. 1986). However, the Court does not take as true wholly conclusory allegations or legal conclusions reached by the plaintiff. *Id.*; *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990). To succeed on a motion to dismiss a § 1983 claim on qualified immunity grounds, the defendant must show that he is "entitled to qualified immunity on the face of the complaint." *Stanley v. Finnegan*, 899 F.3d 623 (8th Cir. 2018).

Here, the Court declined to decide whether Mr. Regenscheid is entitled to qualified or official immunity for his role in Mx. Putmon's arrest because it determined that the First Amended Complaint ("FAC") failed to allege sufficient facts for the Court to even begin the qualified immunity analysis.[2] In effect, the FAC alleges only (1) that Mx. Putmon attended a protest as an independent journalist; (2) that they were wearing "a vest that said 'press' on the front in large letters;" and (3) that Mr. Regenscheid

---

[2] Mr. Regenscheid premised his immunity argument entirely on a police report he authored and submitted as an exhibit to his Motion to Dismiss. However, the Court held that it may not, at the pleading stage, consider the report for the truth of the matter asserted. *LeMay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021).

"arrested Plaintiff without probable cause or arguable probable cause." [ECF No. 1-2 at 4–5]. The Court held these minimal allegations are not only insufficient to state a plausible claim for relief, but also insufficient to assess whether Mr. Regenscheid is "entitled to qualified immunity on the face of the complaint." *Id.*

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. that Mr. Regenscheid's Motion to Dismiss [ECF No. 5] is **GRANTED**,

2. that the Court **GRANTS** Mx. Putmon leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2); and

3. that **no later than August 16, 2022**, counsel for all parties shall submit a stipulation governing the schedule for the amended complaint and subsequent filings.

**IT IS SO ORDERED**.

Date: August 4, 2022

      *s/Katherine Menendez*
Katherine Menendez
United States District Judge